UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER KOCHAN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COUNTY OF CATTARAUGUS SHERIFF<br>DEPUTY BRYAN H. SCHAWBENBAUER,<br>TOWN OF ELLICOTTVILLE POLICE<br>OFFICER MATTHEW H. ALBANESE, and<br>TOWN OF ELLICOTTVILLE POLICE<br>OFFICER AMBER S. GRAHAM,<br><br>　　　　Defendants. | Case No. 1:17-cv-00452 |

**ENTRY ORDER DENYING DEFENDANTS ALBANESE'S AND GRAHAM'S
REQUEST FOR A COURT CONFERENCE AND
ORDERING PLAINTIFF TO PROVIDE A W-9**
(Doc. 105)

Plaintiff Christopher Kochan brought this action against Defendants County of Cattaraugus Sheriff Deputy Bryan H. Schawbenbauer and Town of Ellicottville Police Officers Matthew H. Albanese and Amber S. Graham, among others, pursuant to 42 U.S.C. § 1983 based on alleged incidents arising from his arrest, prosecution, and involuntary confinement.

On March 6, 2020, the court issued an Opinion and Order granting in part Defendants Albanese's and Graham's motion to enforce a settlement agreement reached at a March 12, 2019 mediation (the "Settlement Agreement"). Finding the parties had reached a settlement and determining the terms and conditions thereof, the court ordered Plaintiff to sign a revised General Release within fourteen (14) days of the date of the Opinion and Order and to send the executed document to Defendants Albanese and Graham within twenty (20) days or the court would enter a judgment in Defendants

Albanese's and Graham's favor consistent with the terms of the Settlement Agreement. Plaintiff did not sign the General Release or return an executed copy to Defendants Albanese and Graham by the court-ordered deadlines.

On March 24, 2020, Plaintiff moved for clarification and a stay of the March 6, 2020 Opinion and Order, which the court denied on April 17, 2020. On April 10, 2020, while his motion was still pending, Plaintiff filed a notice of interlocutory appeal without requesting permission from this court pursuant to 28 U.S.C. § 1292(b).

On June 3, 2020, Defendants Albanese and Graham filed a motion to dismiss Plaintiff's claims against them with prejudice consistent with the court's March 6, 2020 Opinion and Order because Plaintiff did not sign the General Release by the court-ordered deadline. On June 16, 2020, Plaintiff filed an opposition as well as a signed copy of the General Release dated June 15, 2020. Plaintiff contended that the phrase "lawful money of the United States of America" in the General Release meant ten-dollar Golden Eagles and that the appropriate settlement amount was therefore $458,864.00. (Doc. 88 at 2.) Plaintiff offered to withdraw his interlocutory appeal once he received a certified check in that amount. Defendants Albanese and Graham replied on June 22, 2020, at which time the motion was fully briefed.

On June 25, 2020, Plaintiff filed an "Affidavit in Opposition" to Defendants Albanese's and Graham's reply, in which he stated he would "voluntarily withdraw" his interlocutory appeal if Defendants Albanese and Graham withdrew their June 3, 2020 motion and paid him the $6,000 settlement amount agreed to at mediation as well as approximately $1,300 in attorneys' fees. (Doc. 93 at 8.) He further requested that Defendants Albanese and Graham provide him examples of "what they believe may[]be in violation of the signed [G]eneral [R]elease in [fourteen] days after payment is rendered[]" so that he can "take the appropriate action if necessary such as removal[.]" *Id.* Defendants Albanese and Graham filed a second reply on June 30, 2020, and Plaintiff filed a third opposition on July 1, 2020.

On July 8, 2020, the court issued a notice for a status conference on July 13, 2020. The purpose of the status conference was to inquire whether the Settlement Agreement

2

had been consummated to the parties' mutual satisfaction or whether the court should order dismissal consistent with its March 6, 2020 Opinion and Order. Plaintiff was not "ambushed" at the status conference because the issues were fully briefed. (Doc. 107-1 at 1.) The court gave Plaintiff an opportunity to withdraw his claim that he believed the settlement amount to be $458,864.00, noting that it did not appear to have been made in good faith and Plaintiff had previously indicated he was prepared to withdraw it. Plaintiff withdrew that claim and sought and received a response to his request that Defendants Albanese and Graham review his website and identify the statements they contended violated the Settlement Agreement.

After hearing arguments from the parties, the court advised that it would grant Defendants Albanese's and Graham's June 3, 2020 motion to dismiss Plaintiff's claims with prejudice but would deny their request for attorneys' fees. That same day, the court entered a written judgment (the "Order of Dismissal") dismissing Plaintiff's claims against Defendants Albanese and Graham with prejudice, codifying the terms of the Settlement Agreement, and ordering Defendants Albanese and Graham to pay Plaintiff $6,000 within fourteen (14) days of the date of the Order of Dismissal. (Doc. 99.) In response to Plaintiff's concerns, the court further narrowed the non-disparagement clause set forth in its Order of Dismissal. No other aspect of the court's Order of Dismissal varied from its March 6, 2020 Opinion and Order.

Thereafter, Defendants Albanese and Graham asked Plaintiff to sign a W-9 form to facilitate the issuance of the $6,000 settlement amount by the court-ordered deadline. Plaintiff refused to sign the W-9 until he had additional time to research it. After a flurry of letters to the court, on July 28, 2020, Defendants Albanese and Graham filed the pending motion requesting a court conference to "discuss the W-9 issue" pursuant to Fed. R. Civ. P. 16(a). (Doc. 105-1 at 2, ¶ 10.) Plaintiff opposes this request for a court conference on the basis that he will "be ambushed and entrapped again." (Doc. 107-1 at 1.) He argues he was not prepared at the July 13, 2020 hearing to argue Defendants Albanese's and Graham's June 3, 2020 motion because the hearing was labeled a status conference. He asserts that Defendants Albanese and Graham did not ask him for a W-9

3

until after the court entered the Order of Dismissal and that he sought to "take a cautious approach, wanting to review and research the demand [for the W-9] before considering to sign it." *Id.* at 4-5.

Defendants Albanese and Graham requested a W-9 from Plaintiff's former attorney in April of 2019, which is documented in Exhibit D to Defendants Albanese's and Graham's August 5, 2019 motion to enforce the Settlement Agreement. (Doc. 59-5.) Although Plaintiff is no longer represented by that attorney, he has had over a year to research and oppose the request for a W-9 and did not do so. Plaintiff has identified no good faith explanation in support of his concern that the provision of his W-9 to Defendants Albanese and Graham will be used against him in his appeal. He concedes that he is "not opposed to considering the W-9" once his appeal has been resolved. (Doc. 107-1 at 8.)

For the foregoing reasons, the court DENIES Defendants Albanese's and Graham's request for a court conference (Doc. 105) and ORDERS Plaintiff to provide Defendants Albanese and Graham with a completed W-9 form within seven (7) days of the date of this Order. Thereafter, Defendants Albanese and Graham shall have five (5) business days to send Plaintiff $6,000 as ordered by the court. In the event that Plaintiff's appeal is successful, Defendants Albanese and Graham shall return the W-9 to Plaintiff and Plaintiff shall return the $6,000 to Defendants Albanese and Graham.

SO ORDERED.

Dated this 3rd day of August, 2020.

Christina Reiss, District Judge
United States District Court